UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN COVINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-755-RLW |
| ) | |
| UNKNOWN SKAGGS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Kevin Covington, an incarcerated person at Missouri Eastern Correctional Center ("MECC"), to proceed in the district court without prepaying fees and costs. Having reviewed the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the entire filing fee, and will assess an initial partial filing fee of $3.58. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will issue process on the complaint pursuant to 28 U.S.C. § 1915(e)(2).

### Initial Filing Fee Under Prison Litigation Reform Act

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. §

1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is paid in full. *Id.*

In support of his application to proceed in the district court without prepaying fees and costs, plaintiff submitted his certified inmate account statement showing an average monthly deposit of $17.91. The Court will therefore assess an initial partial filing fee of $3.58, which is twenty percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff brings this suit against defendant Correctional Officer Skaggs ("CO Skaggs") and Dr. Rose from Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), alleging they violated his constitutional right to be free of cruel and unusual punishment. Plaintiff's allegations arise out of an incident with CO Skaggs at ERDCC on July 19, 2019.

Plaintiff states that on July 19, 2019, he was cleaning his cell in the evening during recreation time. CO Skaggs approached plaintiff's cell and said, "[There] wasn't enough time to clean my cell." Plaintiff hurried his cleaning. While plaintiff was wiping down his cell floor and holding onto the doorjamb of his cell door, Officer Skaggs slammed the cell door shut, breaking plaintiff's finger. Plaintiff was sent to the medical unit that night and was given ice.

On July 20, 2019, Dr. Rose treated plaintiff and ordered x-rays of his hand. A nurse splinted plaintiff's finger. Plaintiff states that although Dr. Rose ordered x-rays of his hand, nobody viewed the x-rays. "If Doctor Rose had viewed my x-rays she would not only saw my finger was broken, but she would [have seen] the chipped bone that was in my finger." Plaintiff's finger continued to be splinted at ERDCC.

On August 27, 2019, plaintiff transferred from ERDCC to MECC where, on September 13, 2019, additional x-rays were taken of plaintiff's finger. Plaintiff was sent to a specialist. On November 7, 2019, Dr. Joyce performed a closed reduction, percutaneous pin fixation surgery on plaintiff's finger. Since surgery, plaintiff has no feeling in his fourth and fifth fingers.

Plaintiff alleges CO Skaggs used unreasonable force when he slammed plaintiff's finger in his cell door. Additionally, plaintiff alleges Dr. Rose ignored plaintiff's serious medical needs by not viewing his x-ray on July 20, 2019. For relief, plaintiff seeks $250,000 in actual damages and $150,000 in punitive damages.

**Discussion**

The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992); *see also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017).

Liberally construed, plaintiff alleges he was cleaning the floor of his cell and holding onto his doorjamb for balance. CO Skaggs approached plaintiff and told him there was not enough time to be cleaning. CO Skaggs intentionally slammed plaintiff's cell door shut, breaking plaintiff's pinky finger, which required surgery. The Court finds on initial review that plaintiff has stated a

plausible claim that CO Skaggs used excessive force in violation of the Eighth Amendment. The Court will issue process on defendant CO Skaggs in his individual capacity.[1]

As to plaintiff's claims against Dr. Rose, he alleges Dr. Rose was deliberately indifferent to his serious medical needs. To prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). An inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). Plaintiff alleges Dr. Rose ordered x-rays of plaintiff's finger, but did not review the x-rays. She merely provided a splint for his hand. Upon transfer to MECC, another doctor ordered x-rays, which upon review indicated surgery was required. Liberally construed, plaintiff has stated a plausible claim that Dr. Rose was deliberately indifferent to his serious medical needs when she did not review his x-rays. The Court will issue process on defendant Dr. Rose in her individual capacity

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs [ECF No. 2] is **GRANTED**.

---

[1] In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). In order to prevail on an official capacity claim, plaintiff would have to establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Plaintiff has not alleged such governmental liability, and therefore his official capacity claims against the individual defendants will be dismissed.

**IT IS FURTHER ORDERED** that plaintiff must pay the $3.58 initial partial filing fee within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it his name and the case number.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendant Correctional Officer Skaggs in his individual capacity.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with Corizon, as to Dr. Rose in her individual capacity.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendants Correctional Officer Skaggs and Dr. Rose in their official capacities are **DISMISSED without prejudice**. An order of partial dismissal will accompany this memorandum and order.

Dated this 28th day of September, 2020.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE