UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN COVINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-755 RLW |
| | ) |
| BRADEN SKAGGS, et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a pro se plaintiff, filed this 42 U.S.C. § 1983 action, alleging Eighth Amendment violations arising from medical treatment for his right hand, rendered by Defendant Karen Rose, N.P. ("Rose"). On April 14, 2021, Rose served Interrogatories and Requests for Production of Documents to Plaintiff. (ECF No. 28-1). Rose requested information and documents related to Plaintiff's alleged damages, exhaustion of remedies, and communications with Rose. Rose also provided Plaintiff with a medical release authorization for him to complete and return. On May 24, 2021, counsel for Rose sent Plaintiff a good faith letter seeking resolution of this discovery dispute.[1]

On June 17, 2021, the Court ordered Plaintiff to show cause as to why he has not responded to Rose's Interrogatories and Requests for Production of Document no later than July 1, 2021. (ECF No. 29). Likewise, the Court ordered Plaintiff to provide completed Interrogatories and Requests for Production of Documents, and to execute a medical release authorization no later than July 1, 2021. Plaintiff did not respond to the Court's Show Cause Order and did not provide

---

[1] Typically, the Court requires the parties to discuss any discovery dispute in person or on the telephone. *See* E.D.Mo. L.R. 3.04(A). However, since Plaintiff is incarcerated, the Court finds that Rose has satisfied her obligation to attempt to resolve this dispute in good faith.

completed discovery requests and a medical authorization.  On July 6, 2021, this Court issued an Order granting Defendant Karen Rose, N.P.'s Motion to Compel Discovery (ECF No. 28).  (ECF No. 33).  The Court ordered Plaintiff to provide completed responses to Rose's Interrogatories and Requests for Production of Documents, and to execute the medical release authorization no later than July 21, 2021.  The Court warned Plaintiff that "[f]ailure to do so will result in the Court imposing sanctions on Plaintiff**, including dismissal of Plaintiff's case for failure to prosecute.**"  (ECF No. 33 (emphasis in original)).  On July 28, 2021, Rose filed a Notice to the Court (ECF No. 34), stating that she had not received Plaintiff's completed discovery responses or an executed medical release.

Rose repeatedly has attempted to obtain necessary discovery from Plaintiff in order to defend herself against Plaintiff's claims.  (ECF Nos. 28, 28-2).  This Court has afforded Plaintiff several opportunities to respond to Rose's discovery requests and to comply with this Court's Orders.  *See* ECF No. 29, 33.  In every Order, the Court has warned Plaintiff that his refusal to prosecute his case and comply with this Court's directives would result in sanctions, including possible dismissal of his case against Rose.

"According to Rule 41(b), a district court may dismiss a case if 'the plaintiff fails to prosecute' or doesn't comply with the Federal Rules of Civil Procedure or a court order." *DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013); *Smith v. Gold Dust Casino*, 526 F.3d 402, 404 (8th Cir. 2008).  The Court holds that dismissal with prejudice is warranted because there "has been 'a clear record of delay or contumacious conduct by the plaintiff.'" *Garland v. Peebles*, 1 F.3d 683, 686 (8th Cir. 1993) (quoting *Brown v. Frey,* 806 F.2d 801, 803 (8th Cir. 1986)).  In addition to the repeated failure to respond to Defendant Rose and the Court, the Court also bases its decision upon the adverse effect of this noncompliance on Rose.  *See Garland*, 1 F.3d at 686–

87 ("We consider the nature of the conduct that prompted the dismissal and the adverse impact of such conduct upon both the defendant and the administration of justice in the district court."). Plaintiff has alleged constitutionally deficient care of his hand by Defendant Rose. Rose is unable to defend herself against Plaintiff's claims without responses to her discovery, particularly her request for an executed medical release. *See Frazier v. Kelley*, 460 F. Supp. 3d 799, 840 (E.D. Ark. 2020) (internal citations omitted) ("Generally, to prevail on an Eighth Amendment claim for deprivation of medical care, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs. ... This requires a two-part showing that: (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it."). Thus, the Court holds that Rose has been unduly prejudiced by Plaintiff's failure to provide discovery responses and an executed medical release. The Court holds that dismissal with prejudice of Plaintiff's claims against Rose is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's claims against Defendant Rose are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall provide a copy of this order to Kevin Covington, Missouri Eastern Correctional Center, 18701 Old Highway 66, Pacific, MO 63069.

Dated this 5th day of August, 2021.

*Ronnie L. White*

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**