**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KEVIN COVINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-755 RLW |
| | ) |
| BRADEN SKAGGS, et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on its review of the record, particularly its Memorandum and Order (ECF No. 44). Plaintiff, a pro se plaintiff, filed this 42 U.S.C. § 1983 action, alleging Eighth Amendment violations. On July 2, 2021, Skaggs served his First Request for Production of Documents and a medical authorization to Plaintiff. (ECF No. 29-1). Skaggs received Plaintiff's executed medical authorization on July 23, 2021. (ECF No. 29 at 1, n.1). On August 18, 2021, Skaggs sent his Second Request for Production of Documents and First Set of Interrogatories to Plaintiff. (ECF No. 30-2). After Plaintiff did not respond, on October 1, 2021, Skaggs' counsel sent a "golden rule" letter, asking Plaintiff to provide the requested discovery no later than October 15, 2021.[1] To date, Plaintiff has not answered the "golden rule" letter and has not provided responses to Skaggs's Second Request for Production of Documents or First Set of Interrogatories.

On December 15, 2021, the Court ordered Plaintiff to show cause as to why he had not responded to Skaggs's First Set of Interrogatories and Second Requests for Production of Documents no later than January 5, 2022. Likewise, the Court ordered Plaintiff to provide

---

[1] Typically, the Court requires the parties to discuss any discovery dispute in person or on the telephone. *See* E.D.Mo. L.R. 3.04(A). However, since Plaintiff is incarcerated, the Court finds that Skaggs has satisfied his obligation to attempt to resolve this dispute in good faith.

completed First Set of Interrogatories and Second Requests for Production of Documents no later than January 5, 2022.  The Court also ordered Defendant Skaggs to provide a status report to the Court.  On January 19, 2022, Defendant Skaggs provided a status report (ECF No. 42), indicating that he had not received responses to Skaggs's First Set of Interrogatories and Second Requests for Production of Documents. Likewise, the Court notes that Plaintiff has not provided a response to the Court's show cause order.

On January 20, 2022, the Court granted Defendant Skaggs's Motion to Compel Discovery (ECF No. 39).  The Court ordered Plaintiff to provide completed responses to Defendant Skaggs's First Set of Interrogatories and Second Requests for Production of Documents no later than February 3, 2022, or else the Court would impose sanctions, including but not limited to dismissal of Plaintiff's claims against Defendant Skaggs based upon Plaintiff's failure to prosecute those claims.  On February 4, 2022, Defendant Skaggs filed a status report, indicating that he had not received any responses from Plaintiff to Defendant Skaggs' discovery requests or to his golden rule letter.  (ECF No. 45).  Defendant Skaggs noted that he sent all of his correspondence and filings to Plaintiff at his address at the Missouri Eastern Correctional Center, which is the address on file with this Court.[2]

Skaggs repeatedly attempted to obtain necessary discovery from Plaintiff in order to defend himself against Plaintiff's claims.  (ECF Nos. 39, 39-1, 39-2, 39-3). This Court has afforded Plaintiff several opportunities to respond to Skaggs' discovery requests and to comply with this

---

[2] On February 1, 2022, Plaintiff called this Court and spoke to a Court clerk.  Plaintiff confirmed that he is incarcerated in the Missouri Eastern Correctional Center, but stated that he has not received any mail for six months from the Court or Defendants.  The Court clerk mailed a copy of the docket sheet to Plaintiff.  Although two weeks have elapsed, Plaintiff has not filed anything with the Court, asking for additional time or otherwise demonstrating his intent to prosecute this case.

Court's Orders. *See* ECF Nos. 40, 44. In every Order, the Court has warned Plaintiff that his refusal to prosecute his case and comply with this Court's directives would result in sanctions, including possible dismissal of his case against Skaggs.

"According to Rule 41(b), a district court may dismiss a case if 'the plaintiff fails to prosecute' or doesn't comply with the Federal Rules of Civil Procedure or a court order." *DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013); *Smith v. Gold Dust Casino*, 526 F.3d 402, 404 (8th Cir. 2008). The Court holds that dismissal with prejudice is warranted because there "has been 'a clear record of delay or contumacious conduct by the plaintiff.'" *Garland v. Peebles*, 1 F.3d 683, 686 (8th Cir. 1993) (quoting *Brown v. Frey,* 806 F.2d 801, 803 (8th Cir. 1986)). In addition to the repeated failure to respond to Defendant Skaggs and the Court, the Court also bases its decision upon the adverse effect of this noncompliance on Skaggs. *See Garland*, 1 F.3d at 686–87 ("We consider the nature of the conduct that prompted the dismissal and the adverse impact of such conduct upon both the defendant and the administration of justice in the district court."). Plaintiff has alleged that Defendant Skaggs purposefully injured Plaintiff's hand. Skaggs is unable to defend himself against Plaintiff's claims without responses to his discovery, particularly regarding the extent of his alleged injury and any information and documents to support his claim. *See Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002) ("Factors to be considered in deciding whether a particular use of force was reasonable are whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury."). Thus, the Court holds that Skaggs has been unduly prejudiced by Plaintiff's failure to provide discovery responses. The Court holds that dismissal with prejudice of Plaintiff's claims against Skaggs is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's claims against Defendant Skaggs are **DISMISSED** with prejudice for failure to prosecute.

**IT IS FURTHER ORDERED** that the Clerk shall provide a copy of this Memorandum and Order to Kevin Covington, Missouri Eastern Correctional Center, 18701 Old Highway 66, Pacific MO 63069.

An appropriate Order of Dismissal is filed herewith.

Dated this 14th day of February, 2022.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**